# CIRCUIT COURT OF THE CITY OF RICHMOND

Charles Bartlett et al.

v.

Commonwealth of Virginia et al.

September 18, 2008

Case No. CL07-3853

BY JUDGE MELVIN R. HUGHES, JR.

Chapter 896 of the Virginia Acts of Assembly of 2007, which authorizes raising revenue for transportation construction and projects through the issuance of financing bonds, is said by plaintiffs to violate Article X, § 9, of the Virginia Constitution. As such, this is a proceeding testing the validity of the bond issuance under the provisions of the Public Finance Act of 1991, §§ 15.2-2650 to 15.2-2658. The parties have briefed and argued the issues through cross-motions for summary judgment as to Count 6 of the Complaint, the only Count remaining in dispute.

After reading and re-reading the parties' memoranda and considering their comments, I come away with the abiding conclusion that, as the defendants contend, this case is controlled by *Dykes v. Northern Va. Transp. Dist. Comm'n*, 242 Va. 357, 411 S.E.2d 1 (1991) (rehearing). First, under the usual rules of construction, the Chapter is presumed constitutional.

Second, by the terms of the Chapter, the bonds do not constitute debt. Third, even if they can be seen as constituting debt, they are Article X, § 9(d), obligations which excludes them from the restrictions of Sections 9(a), (b), and (c) and the referendum requirements mentioned in (b).

*Dykes'* "single rationale" construes constitutionality when there is no legal liability to underwrite the projects. *Id.* at Va. 374-75. The Chapter specifically states that the bonds "shall not be deemed to constitute a debt of the Commonwealth of Virginia" and funding for their payment shall be

"subject to the appropriation of the General Assembly." This makes the bonds not subject to a legal obligation for payment and thus not debt within the meaning of Article X, § 9. The circumstances of this measure match up in every legally salient way with *Dykes*, which, of course, this Court is constrained to follow.

I also agree with the defendants on the point of whether the bonds are negotiable instruments. Although the Chapter describes the bonds as possibly having the "qualities and incidents of negotiable instruments" as between "successive holders," there is no declaration by the General Assembly in the enactment that they are. Here, the General Assembly has limited the source of payment to any appropriation it may make. So, even if negotiable, the bonds would not be general obligation debt. Further, the severance provision can operate to remove the issue of unconstitutionality.

Thus, for these reasons and for the reasoning made in the defendants' memoranda, the Court rejects the plaintiffs' contentions and adopts those of the defendants. Defendants' summary motion will be granted and plaintiffs' denied.